PETER J. PRYOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pryor v. Commissioner
Docket No. 24687-92
United States Tax Court
T.C. Memo 1994-287; 1994 Tax Ct. Memo LEXIS 290; 67 T.C.M. (CCH) 3123; June 21, 1994, Filed *290 An appropriate order will be issued granting respondent's motion for sanctions, and decision will be entered for respondent with the exceptions that there is no addition to tax pursuant to section 6651(a)(1) for the year 1989 and the section 6651(a)(1) addition to tax for 1990 is reduced to 15 percent. Peter J. Pryor, pro se. For respondent: Cynthia J. Olson. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6662(a)
1989
$ 5,891
$ 1,423
$ 1,178
1990
6,508
1,624
665
After concessions, the issues for decision are: (1) Whether petitioner is liable pursuant to section 6651(a)(1) [1] for failure to timely file a 1990 Federal income tax return; (2) whether petitioner is liable pursuant to section 6662(a) for negligence for the taxable years 1989 and 1990; and (3) whether respondent's motion for sanctions pursuant to section 6673(a) should be granted. Respondent has conceded the addition to tax under section 6651(a)(1) for 1989. *291 In , we granted respondent's motion for summary judgment regarding the above-described deficiencies in income tax and denied respondent's motion for summary judgment regarding the additions to tax. We held that petitioner's support for the deductions that gave rise to the deficiencies constituted nothing more than long-discarded tax protester arguments. On April 18, 1994, a trial was held on the additions to tax and on respondent's motion for sanctions. Issue 1. Failure to File Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return "(determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The amount added to tax under section 6651(a)(1) is a percentage of the "amount required to be shown as tax on such return". Respondent's determination is presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); . Petitioner's 1990 Federal income tax return was due to be filed *292 on August 15, 1991. Although the notice of deficiency shows April 15, 1991, as the date the return was due, respondent agrees that the due date was August 15, 1991, the extended due date. There is no dispute that petitioner filed his 1990 Federal income tax return after August 15, 1991. Petitioner has presented no evidence to prove that his failure to timely file his 1990 Federal income tax return was due to reasonable cause and not due to willful neglect. Therefore, we find petitioner liable for the addition to tax under section 6651(a)(1) for the taxable year 1990. Having so held, we must now determine the appropriate dates for purposes of determining the addition to tax under section 6651(a)(1), which provides: There shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;
Petitioner's 1990 Federal income tax return was sent to the Internal Revenue Service in Ogden, Utah, and was stamped as received on October 17, 1991. *293 The envelope in which petitioner's 1990 Federal income tax return was mailed contains a U.S. postmark date of October 15, 1991. Respondent contends that petitioner's 1990 Federal income tax return was filed on October 17, 1991. In his petition, petitioner argues that he "filed Form 1040 for the 1990 calendar year prior to October 17, 1991." We infer from this that petitioner contends that his 1990 Federal income tax return was filed on October 15, 1991, the postmark date. Section 7502(a) sets forth a "timely mailing -- timely filing" rule. [2] Under certain circumstances, section 7502(a) provides that the date of the U.S. postmark stamped on the cover in which the return is mailed shall be deemed to be the date of delivery. The "timely mailing -- timely filing" rule, however, is inapplicable when a return is mailed after its due date. Sec. 7502(a)(2); , affd. in part . When a return is mailed after its due date, the filing date is the date the return is received by the Commissioner. See . *294 *295 Petitioner mailed his 1990 Federal income tax return after August 15, 1991. Accordingly, section 7502(a) does not apply. Therefore, the appropriate dates for purposes of determining the addition to tax under section 6651(a)(1), are August 15, 1991, the extended due date, and October 17, 1991, the date the return was received by respondent. Section 301.6651-1(b)(2), Proced. & Admin. Regs., provides: If the date prescribed for filing the return or paying tax is a date other than the last day of a calendar month, the period which terminates with the date numerically corresponding thereto in the succeeding calendar month and each such successive period shall constitute a month for purposes of section 6651. * * *
It follows that the section 6651(a)(1) addition to petitioner's 1990 tax is 15 percent of the amount of tax required to be shown on the 1990 return "reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax". Sec. 6651(b)(1). Issue 2. Negligence
Respondent determined an addition to tax under section 6662(a) for the taxable years 1989 and 1990. [3] Section 6662 imposes an addition to tax in the amount *296 of 20 percent of any underpayment attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b). Section 6662(c) provides that "the term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard." Respondent's determination is presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a). In , we held that petitioner's support for the deductions that gave rise to the deficiencies constituted nothing more than long-discarded tax protester arguments. Petitioner has previously made and lost the very tax protester arguments posited herein. See ; *297 , affd. without published opinion . Petitioner's repeated use of these arguments constitutes negligence and disregard of rules and regulations. Petitioner's testimony at trial did not persuade us otherwise. Therefore, we find petitioner liable for the additions to tax under section 6662(a) as determined by respondent. Issue 3. Sanctions
On February 1, 1994, respondent filed a motion for sanctions pursuant to section 6673(a). Section 6673(a) provides that if it appears to this Court that "the taxpayer's position in such proceeding is frivolous or groundless," we "may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000." We find petitioner's tax protester positions raised in this proceeding frivolous and groundless. See . Petitioner took identical positions in . The Court of Appeals for the Tenth Circuit in , *298 in imposing a $ 1,500 sanction for filing a frivolous appeal, stated that "relitigation must end at some time." We agree. Accordingly, we grant respondent's motion for sanctions and require petitioner to pay to the United States a penalty of $ 1,500. An appropriate order will be issued granting respondent's motion for sanctions, and decision will be entered for respondent with the exceptions that there is no addition to tax pursuant to section 6651(a)(1) for the year 1989 and the section 6651(a)(1) addition to tax for 1990 is reduced to 15 percent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 7502(a) provides: (1) Date of delivery. -- If any return, claim, statement, or other document required to be filed or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), * * *↩
3. Secs. 6653(a) (negligence), 6659 (valuation overstatements), and 6661 (substantial understatement of liability), were replaced by sec. 6662 (accuracy-related penalty) for returns due after Dec. 31, 1989.↩